**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUDY DIAZ-RUANO, | No. 09-73713 |
| Petitioner, | |
| | Agency No. A078-022-293 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Rudy Diaz-Ruano, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reopen, *de Martinez v.*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Ashcroft*, 374 F.3d 759, 761 (9th Cir. 2004), and we deny in part and dismiss in part the petition for review.

Diaz-Ruano has waived any challenge to the BIA's dispositive determination that he failed to establish prejudice because his failure to depart within his voluntary departure period rendered him ineligible for cancellation of removal. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived); *see also* 8 U.S.C. § 1229c(d) (2004).

We lack jurisdiction to review the BIA's decision not to invoke its authority to reopen proceedings sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 824 (9th Cir. 2011).

In light of this disposition, we need not address Diaz-Ruano's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**